# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Northland Mechanical Contractors, Inc., a Minnesota corporation,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>Continental Casualty Company, an Illinois corporation,<br><br>　　　　　　　　　　Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Northland Mechanical Contractors, Inc. ("Plaintiff") brings this action against Defendant Continental Casualty Company ("Defendant").

## PARTIES

1.  Plaintiff is a Minnesota corporation with its principal place of business at 9001 Science Center Drive, New Hope, Minnesota 55428.

2.  Plaintiff is in the construction industry, providing mechanical and plumbing labor and materials on construction projects.

3.  Defendant is an Illinois corporation, and a subsidiary of CNA Financial Corporation, a Delaware corporation, with its principal place of business at 333 S. Wabash Avenue, Chicago, Illinois 60604.

4.  Defendant is an insurance company providing various types of insurance policies to consumers and commercial entities throughout the United States, including builder's risk insurance policies to contractors in Minnesota for construction projects in Minnesota.

1

## JURISDICTION AND VENUE

5.   There now exists a justiciable controversy capable of resolution by the Court concerning Defendant's duty to defend, indemnify, and provide insurance coverage to Plaintiff under a policy of insurance issued by Defendant.

6.   This Court has jurisdiction under 28 U.S.C. § 1332 because this is a dispute between citizens of different states involving an amount in controversy over $75,000.

7.   This Court has personal jurisdiction over Defendant under Minn. Stat. § 543.19 and because of Defendant's extensive contacts to Minnesota including for the specific dispute in this action.

8.   Venue is appropriate under 28 U.S.C. § 1391.

## FACTS

9.   On or about December 23, 2013, Graves Hospitality Corporation ("Graves") signed a construction contract with Welsh Construction, LLC ("Welsh") for the renovation of the Crowne Plaza Hotel (the "Hotel") at 11 East Kellogg Boulevard, St. Paul, Minnesota 55101 (the "Project").

10.  Welsh subcontracted a portion of the mechanical and plumbing labor and materials for the Project to Plaintiff, and Plaintiff was a subcontractor of Welsh on the Project.

11.  During the performance of Plaintiff's work on the Project, Plaintiff's work was vandalized by persons unknown to Plaintiff.

12.  The vandalistic acts to Plaintiff's work on the Project, include, but are not limited to:

a. A red PEX hot water line was cut and then butted back together with red electrical tape to conceal the vandalism. This incident was discovered by an electrician who notified Plaintiff, and Plaintiff repaired the water line before any damage occurred to the Project;

b. Screws from a shower drain were removed, and clear glue was poured down the drain to plug the plumbing pipes. The screws were then thrown into the drain with the glue, and the cover was set back into place to conceal the vandalism. Plaintiff discovered this vandalism during the plumbing finishing and removed the obstruction before any damage occurred to the Project;

c. A water stub-out for a lavatory faucet was broken on one of the upper floors during sheetrock installation, which caused a leak. The sheetrock subcontractor closed the supply valve and concealed the damage by covering the broken water line with sheetrock. An electrician on the Project discovered water on the floor and notified Plaintiff. Plaintiff investigated the cause of the water leak, discovered the vandalism, and repaired the broken pipe inside of the wall before any damage occurred on the Project; and

d. Two separate PEX water lines (hot and cold) were inserted into pro-press valves without the required Viega PEX Press adapters, and the PEX tubing was pressed into the valves. One PEX line (hot line) ultimately failed, allegedly causing $438,806.29 of water damages to the Property. Plaintiff did not discover this vandalism until after the loss occurred.

13. Graves' insurer, National Surety Corporation, covered the water damages to the Property caused by the vandalism identified above.

14. In May of 2017, National Surety Corporation commenced a subrogation action against Welsh and Plaintiff in the Fourth Judicial District Court, Hennepin County, Minnesota, Court File No. 27-CV-17-18625 (the "Subrogation Action").

15. National Surety Corporation asserts claims for negligence against Plaintiff in the Subrogation Action and seeks to recoup $438,806.29 from Welsh and Plaintiff for its alleged losses to remediate the water damage to the Property caused during construction.

16. Before commencing its work on the Project, Welsh obtained and maintained a builder's risk policy of insurance through Defendant (the "BR Policy").

17. Welsh specifically added the Property and Project to the BR Policy before commencement of work on the Project.

18. Upon information and belief, the BR Policy provides insurance coverage for all damage to the Property during performance of the Project.

19. Upon information and belief, the BR Policy contains a BLANKET NAMED INSURED ENDORSEMENT, which provides that all of Welsh's owners, architects, engineers, subcontractors, and sub-subcontractors are named insureds under the BR Policy for losses covered by the BR Policy.

20. As a subcontractor to Welsh on the Project, Plaintiff is a named insured under the BR Policy.

21. On August 8, 2017, Plaintiff tendered its defense of the Subrogation Action to Defendant as an insured under the BR Policy Defendant issued to Welsh.

22. Despite being a named insured under the BR Policy, Defendant has failed or refused to provide a defense, indemnity, or coverage to Plaintiff in the Subrogation Action, and Defendant has provided no defense, indemnity, or coverage of any kind or to any degree.

23. Because of Defendant's failure or refusal to defend, indemnify, or cover Plaintiff in the Subrogation Action, Plaintiff has suffered and continues to suffer damages, including defense costs, which ought to have been covered by Defendant under the BR Policy.

24. The claims alleged against Plaintiff in the Subrogation Action and Plaintiff's legal fees that ought to be covered by the BR Policy, which Defendant has refused to pay, provide for, or insure, exceed $75,000.

## COUNT I
## DECLARATORY RELIEF

25. Plaintiff restates each of the foregoing allegations contained herein.

26. Under 28 U.S.C. § 2201, this action presents an actual case or controversy in this Court's jurisdiction requiring a declaration of the parties' rights and obligations, namely, whether Plaintiff is entitled to a defense, indemnity, and insurance coverage under the BR Policy for the claims asserted against Plaintiff in the Subrogation Action.

27. Plaintiff is entitled to a judgment declaring Defendant obligated to provide a defense, indemnity, and insurance coverage to Plaintiff in the Subrogation Action under the terms of the BR Policy.

## COUNT II
## BREACH OF CONTRACT

28. Plaintiff restates each of the foregoing allegations contained herein.

29. An enforceable contract for insurance exists between Plaintiff and Defendant.

30. Plaintiff is a named insured under a BLANKET NAMED INSURED ENDORSEMENT in the BR Policy.

31. As a named insured under the BR Policy, Defendant is contractually obligated to provide a defense, indemnity, and insurance coverage to Plaintiff in the Subrogation Action.

32. Defendant has breached the insurance contract by failing to provide a defense, indemnity, or insurance coverage to Plaintiff in the Subrogation Action.

33. Because of Defendant's breach of the insurance contract, Plaintiff has suffered and will continue to suffer damages over $75,000.

## COUNT III
## BREACH OF CONTRACT—THIRD-PARTY BENEFICIARY

34. Plaintiff restates each of the foregoing allegations contained herein.

35. Plaintiff is an intended third-party beneficiary under the BR Policy and is entitled to a defense, indemnity, and insurance coverage under the BR Policy for the claims asserted in the Subrogation Action.

36. Defendant has breached its obligations to Plaintiff by refusing or failing to tender a defense and indemnity to Plaintiff for Plaintiff's obligations in the Subrogation Action.

37. Plaintiff is entitled to a judgment against Defendant for all damages caused by Defendant's breach including without limitation a judgment for the attorneys' fees and litigation costs Plaintiff has incurred and continues to incur in the Subrogation Action and in being required to bring this action.

WHEREFORE, Plaintiff asks that judgment be entered in its favor (1) declaring and adjudging Defendant must defend, indemnify, and provide insurance coverage to Plaintiff for the claims asserted in the Subrogation Action, (2) awarding Plaintiff all damages suffered by Defendant's breach of its duties to Plaintiff under the BR Policy, and (3) awarding Plaintiff its attorneys' fees, costs, and disbursements incurred, together with such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: March 2, 2018

By: *s/ Justin P. Short*
Justin P. Short
Edward P. Sheu
BEST & FLANAGAN LLP
60 S. Sixth Street, Suite 2700
Minneapolis, MN 55402
(612) 339-7121 (Tel)
(612) 339-5897 (Fax)
jshort@bestlaw.com
esheu@bestlaw.com

*Attorneys for Plaintiff*